JS-6

Paul Arenas, Esq., State Bar No. 167863
Henry Wan, Esq., State Bar No. 289911
MARRON LAWYERS
320 Golden Shore, Suite 410
Long Beach, CA 90802
Tel.: 562.432.7422
Fax: 562.432.8682
E-mail: parenas@marronlaw.com
E-mail: hwan@marronlaw.com

Attorneys for Defendants/Counterclaimants
SUNDANCE MFG., INC.; KENNETH R.
BUCK and KEN STANLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NAVIGATOR YACHTS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>KENNETH R. BUCK, an individual; KEN STANLEY, an individual; SUNDANCE MFG., INC., an Oregon corporation, dba SUNDANCE YACHT SALES dba SUNDANCE MARINA dba SUNDANCE MOORAGE; and DOES 1-10 inclusive,<br><br>　　　　　Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS AND THIRD PARTY CLAIMS | Case No.: 5:12-cv-01420-RSWL (OPx)<br><br>**JUDGMENT CONFIRMING ARBITRATOR'S ORDER GRANTING SUNDANCE MFG., INC.'S MOTION FOR DECLARATORY RELIEF**<br><br>[Filed concurrently with Petition to Confirm Arbitrator's Order] |

///

///

///

**TO ALL PARTIES:**

Sundance Mfg., Inc. ("Sundance") and Plaintiff/Counterdefendant Navigator Yachts, Inc. and Counterdefendants Jule Marshall, and Gil Marshall (hereinafter collectively "Parties") have agreed in the Parties' Stipulation to Stay Entire Action Pending Binding Arbitration ("Arbitration Agreement") that the Arbitrator's Award can be entered by this Court as a final judgment and the Court shall retain jurisdiction to enforce the terms thereof. The Arbitrator of the above-entitled matter issued a Final Award on April 12, 2016 granting, among other things, Sundance's Motion for Declaratory Relief. The Parties have settled all but the Declaratory Relief issue and have agreed that this Court may enter a judgment confirming the Declaratory Relief.

The binding arbitration of this matter having been concluded and this Court having issued an order lifting the stay of the action, the Court hereby enters the following Judgment.

**A JUDGMENT IS HEREBY ENTERED** confirming the Arbitrator's Order Granting Sundance's Motion for Declaratory Relief, pursuant to 9 U.S.C. § 9 and the Parties' Arbitration Agreement. A copy of the Arbitrator's Order Granting Sundance's Motion for Declaratory Relief is attached hereto as Exhibit "A" and incorporated herein by this reference. The Court shall retain jurisdiction to enforce the terms of this Declaratory Relief Judgment.

Dated: August 18, 2016              s/ RONALD S.W. LEW
                                    HON. RONALD S.W. LEW
                                    Senior U.S. District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NAVIGATOR YACHTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH R. BUCK, an individual; KEN STANLEY, an individual; SUNDANCE MFG., INC., an Oregon corporation, dba SUNDANCE YACHT SALES dba SUNDANCE MARINA dba SUNDANCE MOORAGE; and DOES 1-10 inclusive,<br><br>Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS AND THIRD PARTY CLAIMS | Case No.: 5:12-cv-01420-GAF-OP<br><br>STAYED PENDING BINDING ARBITRATION<br>ADRS Case No. 14-3202-DSC<br><br>[~~PROPOSED~~] *OSC* ORDER GRANTING SUNDANCE MFG., INC.'S MOTION FOR DECLATORY RELIEF<br><br>Arbitrator: Hon. Dennis S. Choate (Ret.) |

This matter was heard beginning December 1, 2015 and concluding December 17, 2015, before the Honorable Denis S. Choate (Ret.) as Arbitrator at the office of ADR Services, Inc., located at 19000 MacArthur Blvd., Irvine, California. Judge Choate heard testimony and received evidence on Defendant-Counterclaimant, Sundance Mfg., Inc. (hereinafter "Sundance")'s claim for declaratory relief against Plaintiff-Counterdefendant, Navigator Yachts, Inc.(hereinafter "Defendant" or "Navigator") for a judicial determination that Navigator has a legal obligation to: (a) repair and replace known defective European style windows on vessels

**EXHIBIT "A"**

manufactured by Navigator and sold to Sundance for retail sale to the public; (b) reimburse Sundance for costs and expenses it incurred in repairing and replacing defective Navigator European Style windows; (c) defend, indemnify and hold Sundance harmless from any legal actions taken against Sundance by retail purchasers of Navigator vessels with the defective European Style windows. Mark Holmes appeared as attorney for Navigator. Paul Arenas appeared as attorney for Sundance.

Having considered all of the evidence and testimony offered by the parties, this Arbitrator hereby makes the following findings of fact and law and orders relief as follows:

1. The Declaratory Judgment Act, 28 U.S.C. § 2201, is a procedural statute that provides a federal remedy for litigants seeking a judicial declaration of rights. It provides, in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

2. Under the Declaratory Judgment Act, in a case of actual controversy a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *McGraw–Edison Co. v. Preformed Line Prod. Co.*, 362 F.2d 339, 342 (9th Cir.1966). In declaratory relief claims courts consider whether: (1) the judgment "will serve a useful purpose in clarifying and settling the issue" and (2) if "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* "The existence of another adequate remedy does not preclude a judgment for declaratory relief where it is appropriate." *Federal Rule of Civil Procedure*, Rule 57.

3. The parties have stipulated to arbitration which has been approved and ordered by Honorable Gary A. Fees of the U.S. D.C., C.D. Cal. on April 28, 2014 (Docket No. 48).

4. The stipulation and order states that "the Arbitrator must decide all issues in the Dispute just as if the Arbitrator were a federal judge deciding the same issues in the Dispute in a

diversity case pending before a federal court in the Central District of California." *Id.* at ¶30.

5. Sundance asserts a claim for declaratory relief under 28 U.S.C. §§ 2201-02 as set out above. Second Amended CounterClaim, pp. 30:16-31:23.

6. The European Style windows installed in Navigator vessels and sold to Sundance were defective in that the painted-on adhesive frit used to secure the window to the hull failed in each of the vessels sold to Sundance with that style of window. The defects in said windows are manufacturing defects and not defects caused by any acts or omissions of Sundance.

7. Sundance continues to receive complaints and threats of litigation from purchasers of Navigator vessels that have the painted-on frit.

8. Sundance has demanded Navigator to address the complaints of Navigator purchasers of vessels with the defective painted-on frit in their European Style windows since as early as 2007.

9. Despite demands from Sundance, Navigator has refused, declined or failed to address the complaints made by Navigator purchasers of vessels with the defective painted-on frit in their European Style windows.

10. An actual controversy exists between Navigator and Sundance with respect to who is responsible for the repair or replacement of the defective European Style windows with the painted-on frit installed on Navigator vessels sold by Navigator to Sundance.

11. Sundance customers Clancy, Carter, Crum, and Armstronghave made claims against Sundance for the repair or replacement of European Style windows with the defective painted-on frit on their Navigator vessels. Sundance customer Fisk complained of window defects and his windows were repaired by Navigator during the course of this litigation.

12. Sundance paid to repair and replace window exhibiting the manufacturing defects on six Navigator vessels in amounts totaling $18,797.45 as stipulated to by the parties as follows:

| Carter (NVY58R01809) | |
| --- | --- |
| Description | Amount |
| New Style Windows (Sundance paid one half) | $9,179.40 |

3  CASE NO. 5:12-CV-12-01420-GAF-OP
[PROPOSED] ORDER GRANTING DECLARATORY RELIEF

055349/2012-2070

| Beck-Glover (NVY36001B011) | |
| --- | --- |
| Description | Amount |
| 4th Rock Invoice (1/19/11) | $300.00 |
| 4th Rock Invoice (11/6/11) | $297.60 |

| Fisk (NVY33C03I910) | |
| --- | --- |
| Description | Amount |
| Sundance Invoice #69783 | $1,195.00 |

| Miller (NVY33CO2G910) | |
| --- | --- |
| Description | Amount |
| Sundance Invoice #63428 | $1,151.00 |

| Hood (NVY50VO1A909) | |
| --- | --- |
| Description | Amount |
| Sundance Invoice #69784 | $376.25 |
| 4th Rock Invoice | $960.00 |

| Appleby (NVY33C01G911) | |
| --- | --- |
| Description | Amount |
| Sundance Invoice #69785 | $5,338.20 |

| | |
| --- | --- |
| Total | $18,797.45 |

13. The issuance of declaratory relief order will terminate the controversy between Sundance and Navigator as to which is responsible to respond to claims arising out of or related to manufacturing defects in European Style windows with the painted-on frit installed on vessels manufactured by Navigator.

14. Declaratory relief is appropriate in favor of Sundance and against Navigator for claims arising out of or related to manufacturing defects in European Style windows with the painted-on frit installed on vessels manufactured by Navigator because the judgment will serve a useful purpose in settling the issue as to which party is responsible for the defective windows and will terminate and afford relief from uncertainty, insecurity and controversy giving rise to the counterclaims this proceeding.

15. Navigator sold its assets in the fall of 2012 and retained its liabilities.

## DECLARATORY RELIEF

The Court hereby orders relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as follows:

(a) Navigator and its successors and assigns is ordered to repair and replace all defective European Style windows with the painted-on frit installed by Navigator on vessels it sold to Sundance for which Sundance receives claims by retail purchasers; (b) Navigator and its successor and assigns is ordered to reimburse Sundance for costs and expenses it incurred in repairing and replacing defective European Style windows with the painted-on frit installed by Navigator on vessels it sold to Sundance;

(c) Navigator and its successor and assigns is ordered to defend, indemnify and hold Sundance harmless against any claims or legal actions taken against Sundance by retail purchasers of Navigator vessels on which it is alleged Navigator installed defective European Style windows with the painted-on frit.

**IT IS SO ORDERED.**

DATE: 3/15/16

Hon. Dennis Choate (Ret.)
Arbitrator, ADR Services, Inc.